UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA A. DENICOLA,<br><br>              Plaintiff,<br><br>       v.<br><br>COMMISSIONER    OF    SOCIAL<br>SECURITY,<br><br>              Defendant. | CIVIL ACTION NO. 3:19-CV-01705<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Lisa A. Denicola brings this action under sections 205 and 1631 of the Social

Security Act, 42 U.S.C. § 405(g), 42 U.S.C. § 1383(c)(3) (incorporating § 405(g) by reference),

seeking judicial review of the final decision of the Commissioner of Social Security (the

"Commissioner") denying her applications for disability insurance benefits and supplemental

security income under Titles II and XVI of the Act. (Doc. 1).

The parties filed opening briefs, and the Court scheduled a telephone conference with

the parties for April 7, 2020. (Doc. 12; Doc. 13; Doc. 14). In preparation for the telephone

conference, the Court reviewed the pleadings, briefs, and submissions, and discovered that

Denicola's administrative hearing was held in April 2018, over two months prior to the Social

Security Administration (SSA) Acting Commissioner's July 2018 ratification of all SSA

Administrative Law Judges' (ALJ) appointments. (Doc. 9-2, at 31).[1] Mindful of the holdings

in *Lucia v. Sec. Exchange Comm.*, 138 S. Ct. 2044 (2018), and *Cirko obo Circko v. Comm'r of Soc.*

---

[1] The ALJ's decision denying Denicola's SSA applications was issued after the Acting
Commissioner ratified his appointment, i.e., in August 2018. (Doc. 9-2, at 26).

*Sec.*, 948 F.3d 2044 (3d Cir. 2020),[2] the Court questioned the constitutional validity of Denicola's hearing.

Accordingly, during the April 7, 2020 telephone conference, the Court asked the parties whether the circumstances of Denicola's case implicate *Lucia*. The parties responded that they had not discussed or addressed *Lucia* and whether it applied here, but defense counsel argued that Denicola had waived the right to raise a *Lucia* challenge for failure to raise it earlier in these proceedings, and that the Court cannot invite briefing on that issue *sua sponte*. Denicola's counsel argued otherwise and sought an opportunity to submit supplemental briefing. The Court directed the parties to submit supplemental letter briefs within two weeks of the conference. (Doc. 15 (Minute Sheet)).

On April 21, 2020, the parties submitted letter briefs, with the Commissioner arguing that Denicola waived the right to raise the Appointments Clause challenge, and Denicola arguing that the Court may address such a challenge, even if not timely raised and therefore waived and forfeited. (Doc. 16, at 1-3; Doc. 17, at 3-5). Denicola further argues that because the ALJ who denied her claims was not properly appointed when he presided over her hearing, *Lucia* mandates vacatur and remand, notwithstanding that the ALJ issued his

---

[2] The Supreme Court in *Lucia* held that S.E.C. Administrative Law Judges were "Officers of the United States" within the meaning of the Appointments Clause of the United States Constitution, U.S. Const. art. II, § 2, cl. 2, and therefore should have been appointed by either the President, a court of law, or the Department head. Since the S.E.C. ALJ was not properly appointed, the Supreme Court held that to "cure the constitutional error, another ALJ . . . must hold the new hearing to which [the plaintiff] is entitled." *Lucia*, 138 S. Ct. at 2055. In *Cirko*, the Third Circuit held that SSA claimants need not raise the *Lucia* Appointments Clause issue at the administrative level to preserve it for federal review. *See Cirko ex rel. Cirko*, 948 F.3d at 152 ("[B]ecause both the characteristics of the Social Security Administration [] review process and the rights protected by the Appointments Clause favor resolution of such claims on the merits, . . . exhaustion is not required in this context . . .").

decision denying Denicola's applications *after* the Acting Commissioner ratified all SSA ALJs' appointments. (Doc. 17, at 2).

There are two issue before the Court: (1) whether the Court was permitted to invite the parties to brief the *Lucia* issue as applied to this case and, relatedly, whether the issue was waived for Denicola's failure to affirmatively raise *Lucia* in her complaint or opening brief; and (2) whether *Lucia* applies to invalidate an ALJ's denial of benefits where the ALJ was not properly appointed at the time of the administrative hearing but issued a written decision denying SSA benefits *after* being properly appointed by the Acting Commissioner.

## I.   WAIVER

Beginning with the Commissioner's waiver argument, it is based in longstanding case law under which "[a]n issue is waived unless a party raises it in its opening brief . . . ." *Warren G. ex rel. Tom G. v. Cumberland Cty. Sch. Dist.*, 190 F.3d 80, 84 (3d Cir. 1999) (internal quotation marks omitted); (*see* Doc. 6, at 1-2 (citing, e.g., *Warren G.*, 190 F.3d 80, 84; *In re Asbestos Prod. Liab. Litiq. (No. VI)*, 873 F.3d 232, 237 (3d Cir. 2017); *Knepp v. Apfel*, 204 F.3d 78, 84 (3d Cir. 2000))). The Commissioner also cites to cases showing that the waiver rule applies to Social Security claims on federal judicial review. (Doc 16, at 2 (citing, e.g., *Brown v. Colvin*, No. 3:16-CV-1123, 2017 WL 6606903, at *6 (M.D. Pa. Dec. 27, 2017) (finding challenge to ALJ's step-two determination waived for failure to raise it in an opening brief); *Wilson v. Colvin*, 218 F. Supp. 3d 439, 452 (E.D. Pa. 2016) (finding waiver of challenges to ALJ's step-four analysis where plaintiff raised challenges for the first time in a reply brief))). Finally, the Commissioner references (1) federal appeals in which other circuit courts have held that the litigation waiver applies to Appointments Clause challenges; and (2) district court cases from other jurisdictions where courts have found waivers of Appointments Clause challenges in the

Social Security context. (*See* Doc. 6, at 2-3 (citing, e.g., *Customedia Techs., LLC v. Dish Network Corp.*, 941 F.3d 1174, 1175 (Fed. Cir. 2019) (holding rule of waiver upon failure to raise in an opening brief "applies with equal force to Appointments Clause challenges"); *Heather M. H v. Berryhill*, No. 2:16-CV-1056 JNP, 2019 WL 2305951, at *1 (D. Utah Apr. 29, 2019) (holding failure to raise *Lucia* issue in opening brief constituted a waiver), *report and recommendation adopted sub nom. Heather M.H. v. Berryhill*, No. 216CV01056JNPBCW, 2019 WL 2297706 (D. Utah May 30, 2019))).

Denicola does not dispute that she failed to challenge the appointment of the ALJ who presided over her hearing. She only raised the appointment issue in her recent supplemental letter brief, which was filed after the Court itself asked the parties whether *Lucia* applies. Instead, Denicola submits that she has grounds for excusing any waiver or forfeiture and urges the Court to adopt the reasoning underlying Magistrate Judge Richard A. Lloret's holdings in *Heath v. Saul*, No. 19-CV-2228, 2020 WL 1182568, at *1 (E.D. Pa. Mar. 11, 2020), and *Grant v. Saul*, No. CV 19-2555, 2020 WL 977323, at *1 (E.D. Pa. Feb. 28, 2020) ("*Grant I*") (parties consented to Magistrate Judge's jurisdiction), and Eastern District Chief District Judge Juan R. Sánchez's holding in *Grant for A.D. v. Saul*, No. CV 18-1338, 2020 WL 1531664, at *2 (E.D. Pa. Mar. 31, 2020) ("*Grant II*")  (adopting Judge Lloret's recommendation). (Doc. 7, at 3-5).[3]

---

[3] Other judges have since adopted Judge Lloret's reasoning. *See Troxell v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-01793, 2020 WL 3958274, at *4 (E.D. Pa. July 13, 2020) ("[A] refusal to reach the [*Lucia*] issue based on forfeiture would result in a miscarriage of justice."); *Waldor v. Saul*, No. 18-CV-01165, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020) (exercising "its discretion to consider the Appointments Clause issue raised by Plaintiff," who had failed to initially raise the issue).

As to these cases, *Heath* reflects Judge Lloret's policy of entering orders pursuant to *Cirko* directing "parties to provide a memorandum to the court addressing whether the case should be reversed and remanded for reconsideration by a properly appointed ALJ . . . ." *See Heath*, 2020 WL 1182568, at \*1.[4]  In *Grant I*, Judge Lloret underscored the reasons for which he had authority to excuse Grant's failure to raise the *Lucia* issue, invite briefing on the issue, and ultimately vacate and remand based on *Lucia*. *Grant*, 2020 WL 977323, at \*3-4. In *Grant II* – an unrelated case – Chief Judge Sánchez adopted Judge Lloret's recommendation that the case be remanded under *Lucia* (despite Grant's failure to raise a *Lucia* challenge until invited to do so via supplemental briefing) and provided additional justification for adopting Judge Lloret's reasoning. *Grant for A.D.*, 2020 WL 1531664, at \*2.

Having considered the parties' arguments, the Court finds the reasoning of Judges Lloret and Sánchez to be highly persuasive. In *Grant I*, Judge Lloret noted, in relevant part, that the doctrines of waiver and forfeiture "are not unyielding." He continued:[5]

---

[4] As Denicola observes, it does not appear that the Commissioner challenged the propriety of Judge Lloret's order directing the filing of memoranda in *Heath*. *See Heath*, 2020 WL 1182568.

[5] Judge Lloret, in addressing various appellate cases, noted: "While I have primarily discussed the doctrines of waiver and forfeiture in the appellate context, district courts often impose similar preservation requirements. *See, e.g.*, *Hausknecht v. John Hancock Life Insurance Company of New York*, 334 F. Supp. 3d 665, 675 n.5 (E.D. Pa. 2018) (Beetlestone, J.). Notably, the Federal Rules of Appellate Procedure and the standing procedural order applicable in this case both require each issue presented for review to be contained in the opening brief. . . . . However, while it may choose to invoke waiver or forfeiture, the district court is permitted to grant a motion for summary judgment on grounds not raised by a party, provided the parties have been given notice and a reasonable time to respond. Fed. R. Civ. P. 56(f) ("After giving notice and a reasonable time to respond, the court may ... grant the motion on grounds not raised by a party...."); *see also Forrest v. Parry*, 930 F.3d 93, 110-11 (3d Cir. 2019) ("It is well-settled that district courts may grant summary judgment *sua sponte*, so long as the losing party is given notice when summary judgment is being contemplated.")." *Grant*, 2020 WL 977323,

For example, even when a litigant has failed to advance an argument in the district court and raises it for the first time on appeal, the court of appeals may exercise discretion to consider the argument. *See, e.g., Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 249 (3d Cir. 2013) (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)); *Wright v. Corning*, 679 F.3d 101, 105 (3d Cir. 2012). Courts may consider unpreserved issues in "exceptional circumstances," such as "when the public interest requires that the issue[s] be heard or when a manifest injustice would result from the failure to consider the new issue[s]." *Barna* [*v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017)] (alterations in original) (quoting *United States v. Anthony Dell'Auilla, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir. 1998)); *see also Singleton*, 428 U.S. at 121 ("Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt, or where 'injustice might otherwise result.'" (citations omitted) (quoting *Hormel v. Helvering*, 312 U.S. 552, 557 (1941))); *Albertson*, 645 F.3d at 195 (considering the following factors when deciding whether there are extraordinary circumstances to excuse waiver: (1) "whether there is some excuse for the failure to raise the issue in the opening brief"; (2) "how far the opposing party would be prejudiced"; and (3) whether failing to consider the argument would lead to a miscarriage of justice or undermine confidence in the judicial system" (quoting *In re Kane*, 254 F.3d 325, 331 (1st Cir. 2001))). In addition, courts are "slightly less reluctant to bar consideration of a forfeited pure question of law" and will consider it "where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." *Barna*, 877 F.3d at 147 (quoting *Bagot v. Ashcroft*, 398 F.3d 252, 256 (3d Cir. 2005)).

Moreover, the concerns over orderly appellate practice that undergird forfeiture and waiver rules are "plainly insufficient" to warrant disregarding a serious Appointments Clause challenge. *See Glidden Co. v. Zdanok*, 370 U.S. 530, 536 (1962). Notably, the Supreme Court considered an Appointments Clause challenge on the merits even though the appellant explicitly consented to the appointment of a special trial judge in tax court and raised an objection to the appointment for the first time in the court of appeals. *Freytag v. C.I.R.*, 501 U.S. 868, 878–79 (1991). The court of appeals understandably found that the petitioner had waived the issue by not raising it below. *Freytag v. C.I.R.*, 904 F.2d 1011, 1015 n.9 (5th Cir. 1990). The Supreme Court, however, held that "the disruption to sound appellate process entailed by entertaining objections not raised below does not always overcome . . . 'the strong interest of the federal judiciary in maintaining the constitutional plan of separation of powers.'" 501 U.S. at 879 (quoting *Glidden*, 370 U.S. at 536 (citing to *Lamar v. United States*, 241 U.S. 103, 117-18 (1916), in which an objection to an inter-circuit

_____

at *3 n.6.

assignment was determined on its merits, although it had not been raised at any stage before the filing of a supplemental brief in the Supreme Court)). This precedent militates against enforcing waiver of the Appointments Clause issue in this case.

*Grant*, 2020 WL 977323, at *3-4.

Considering the above factors and policy concerns, Judge Lloret found that the circumstances of *Grant* justified a relaxing of the waiver and forfeiture rule, in part, because (1) a *Lucia* Appointments Clause challenge poses a purely legal issue; (2) there are no significant concerns about the orderly administration of justice, promotion of finality, and conservation of judicial resources because (i) no final judgment had been entered, (ii) "[n]either the Commissioner nor the public w[ould] be prejudiced by reliance on a judgment that will be overturned if [the Court] exercise[d] [its] discretion to consider the issue," and (iii) judicial efficiency would not "be frustrated by relaxing the ordinary rule that an issue is forfeited if not raised in a party's opening brief"; (3) the "Appointments Clause violation is [apparently] conceded in this case," unlike in *Freytag* and *Glidden*; (4) "there is no unfair surprise about the nature or scope of this issue"; (5) "[m]any other social security litigants have received remands based on an Appointments Clause lapse no different in kind or severity than the error in this case"; and (6) "[t]he doctrines of waiver and forfeiture are useful and necessary, but should not be applied to deprive a litigant of rights to which he is manifestly entitled." *Grant*, 2020 WL 977323, at *3-4.

In *Grant II*, Chief Judge Sánchez adopted Judge Lloret's recommendation to vacate a different case based on *Lucia* where the plaintiff had not raised the *Lucia* issue but was invited to do so by Judge Lloret. Chief Judge Sánchez reasoned as follows:

> The Appointments Clause issue raised in this case is purely legal, and refusing to reach this issue would result in a miscarriage of justice. Both the Supreme

Court and the Third Circuit have stressed that Appointments Clause claims should be addressed on the merits despite waiver or forfeiture. In *Freytag v. Comm'r*, the Supreme Court noted "Appointments Clause objections to judicial officers . . . could be considered on appeal whether or not they were ruled upon below." 501 U.S. 868, 878–79 (1991)[.] . . . In *Cirko*, the Third Circuit summarized the importance of reviewing Appointments Clause challenges as follows, "Appointments Clause challenges—given their importance to separation of powers and, ultimately, individual liberty—are claims for which a hearing [and a decision] on the merits is favored." 948 F.3d at 155. If the Court ignored Grant's Appointments Clause claim here, it would be refusing to vindicate these important interests which have counseled in favor of review of Appointments Clause challenges on the merits both in the Third Circuit and in the Supreme Court.

*Grant for A.D.*, 2020 WL 1531664, at *2.

Here, too, the Court chooses to exercise its discretion and excuse Denicola's failure to raise the *Lucia* issue in her opening brief, which she filed in January 2020. Though Denicola's counsel's excuse for not raising the *Lucia* issue is not particularly compelling, the Court cannot discern – and the Commissioner has not provided any grounds for finding – any prejudice that would result from the Court's consideration of the *Lucia* issue in this particular case. Indeed, the Court permitted the parties to file supplemental briefs on this purely legal issue. Under the unique circumstances presented by Denicola and the many litigants whose cases have already been remanded under *Lucia*, it seems appropriate and justifiable to *sua sponte* invite and consider litigation concerning whether a constitutionally invalid ALJ presided over an SSA claimant's case. In short, addressing the Appointments Clause issue here will "vindicate the[] important interests which have counseled in favor of review of Appointments Clause challenges on the merits both in the Third Circuit and in the Supreme Court." *See Grant for A.D.*, 2020 WL 1531664, at *2.

## II.   APPLICATION OF *LUCIA*

The Commissioner does not contend that Denicola's hearing was constitutionally

valid. He appears to take no position on the second issue before the Court, i.e., whether *Lucia* applies to invalidate Denicola's hearing due to the ALJ's unconstitutional appointment. *Lucia* itself suggests that the Court must vacate the ALJ's determination and remand Denicola's case. Nothing in the text of *Lucia* suggests that its holding is inapplicable to cases involving ALJs who are properly appointed midway through an action to which they are assigned to preside. In fact, the remedy afforded in *Lucia* – rehearing before a new ALJ – suggests that if an improperly appointed ALJ presides over an SSA claimant's hearing, an Appointments Clause violation has occurred, regardless of whether the ALJ is properly appointed before issuing a final written decision. In holding that SEC ALJs are "Officers of the United States" that must be constitutionally appointed, the Supreme Court looked to the breadth of the ALJs' responsibilities "involved in presiding over adversarial hearings," including the taking of testimony and ruling on the admissibility of evidence. *See Lucia*, 138 S. Ct. at 2044. This suggests that an ALJ cannot issue a constitutionally valid determination in an SSA claimant's case unless the ALJ was properly appointed, at the very latest, before the claimant's administrative hearing.

Finally, it appears (and the Commissioner does not dispute) that the ALJ was not properly appointed when he presided over Denicola's hearing and up until July 16, 2018. *See also* Soc. Sec. Ruling 19-1p; Titles II & XVI: Effect of the Decision in Lucia v. Sec. & Exch. Comm'n (Sec) on Cases Pending at the Appeals Council, SSR 19-1P (S.S.A. Mar. 15, 2019), 2019 WL 1324866, at *2 (providing background about the Supreme Court's decision in *Lucia* and the Social Security Administration's response to it). Nor is Denicola's failure to raise *Lucia* at the administrative level fatal to her challenge to the improper appointment of the ALJ who presided over her case. *See Cirko ex rel. Cirko*, 948 F.3d at 152. Therefore, given the ALJ's

improper appointment during and through Denicola's hearing, the proceedings were constitutionally invalid, Denicola has not waived the right to challenge that invalidity, and this case must be remanded for rehearing before a new ALJ.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.    The Commissioner's decision to deny Denicola's applications for SSA benefits and income is **VACATED**;

2.    The case is **REMANDED** for rehearing before a properly appointed ALJ other than the ALJ who presided over Denicola's first administrative hearing;

3.    Final judgment is issued in favor of Denicola; and

4.    The Clerk of the Court is directed to close this case.

**Dated: February 25, 2021**                                  **BY THE COURT**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**